# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50380 | **DATE** | December 17, 2012 |
| **CASE TITLE** | Andrew N. Allen (#N-00594) vs. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's trust fund account for payment to the clerk of court in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021. On the court's own motion, Wexford Health Sources, Inc., is dismissed as a defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to issue summonses for service by the U.S. Marshal on defendants Carter and Chandler only. The plaintiff's motion for appointment of counsel [#4] is denied, without prejudice. The parties are directed to file a joint status report by February 1, 2012, concerning the progress of settlement discussions, discovery, and any other matter deemed pertinent.

■ [For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the warden and health care providers at the Dixon Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he received deficient care for severe back problems that turned out to have been caused by undiagnosed cysts.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.17. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until **(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　mjm

| STATEMENT (continued) |
|---|

the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the complaint states a colorable cause of action under 42 U.S.C. § 1983.

### Facts

The plaintiff alleges that he began to be afflicted with severe back pain in 2008. Based on x-rays, physicians at the Robinson Correctional Center attributed the plaintiff's complaints to arthritis.

In 2009, the plaintiff was transferred to the Dixon Correctional Center. His back pain became "intolerable," but his grievances and requests to see a physician were virtually ignored. Finally, in October 2010, physicians at the University of Illinois Medical Center conducted an MRI and discovered that the true cause of the plaintiff's back pain was a cyst on a nerve in his back. The plaintiff underwent synovial surgery later that month.

Defendant Carter, a staff physician at Dixon, failed to schedule the plaintiff to return to the University of Illinois within four to six weeks as recommended. The plaintiff once again began to experience excruciating pain, but Carter again failed to take any corrective action in response to the plaintiff's grievances and sick-call requests.

On an unspecified date, the plaintiff returned to the University of Illinois Medical Center, where another MRI revealed that a new cyst had formed. Surgery to remove the second cyst was performed in August 2011.

Over the plaintiff's objections, Carter discontinued the pain medication prescribed by the operating physician only two or three days after surgery was performed, causing the plaintiff to suffer great post-surgical pain.

The plaintiff continued to encounter great difficulty in obtaining treatment or pain medication--or even being scheduled to see a health care provider--in the succeeding months. As of the date the plaintiff initiated suit, he was confined to a wheelchair and awaiting a third operation.

### Discussion

Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by "woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). The subjective element of deliberate indifference encompasses conduct such as the refusal to treat a prisoner's chronic pain, *Jones v. Simek*, 193 F.3d 485, 490 (7th Cir. 1999), or the refusal to provide pain medication prescribed by doctor, *Ralston v. McGovern*, 167 F.3d 1160, 1162 (7th Cir. 1999).

It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, while a more fully developed record may establish that the plaintiff has or had no objectively "serious" medical need, or that he received constitutionally adequate medical care, defendants Carter and Chandler must respond to the allegations in the complaint.

However, Wexford Health Sources, Inc., is summarily dismissed as a defendant on preliminary review. In analyzing a section 1983 claim against a private corporation, the court uses the same principles that would be applied in examining claims against a municipality. *Brown v. Ghosh*, No. 09 C 2542, 2010 WL 3893939, *8 (N.D. Ill. Sep. 28, 2010) (Feinerman, J.), citing *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). An inmate bringing a claim against a corporate entity for a violation of his constitutional rights must show that the corporation supports a "policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners." *Brown*, 2010 WL 3893939, at *8, quoting *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (in turn quoting *Estate of Novack ex rel. v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (a corporate defendant violates an inmate's rights "if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners")). Because liability is not premised upon the theory of vicarious liability, the corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Ibid.* In the case at bar, the plaintiff has alleged no facts whatsoever that suggest an inadequate treatment "policy" on the part of Wexford. The plaintiff's use of the word "conspiracy," without any supporting facts, is insufficient to state a claim against Wexford. " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (mere labels and conclusions are insufficient to state a claim).

The United States Marshals Service is appointed to serve defendants Chandler and Wexford. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Without awaiting a discovery request, the parties shall make the following initial disclosures:

    A)    The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

    B)    The defendants are ordered to produce copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected

from disclosure, relevant to disputed facts alleged with particularity in the pleadings. The plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

It is further ordered that counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Defense counsel shall issue the appropriate notice of deposition to plaintiff's counsel.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court. The plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Finally, the plaintiff's motion for appointment of counsel is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Johnson*, 433 F.3d at 1006. When a *pro se* litigant submits a request for appointment of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the complaint sets forth cognizable claims, the plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff is a fairly experienced litigator and his initial submissions are coherent and articulate; he appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for

| **STATEMENT (continued)** |
|---|
| appointment of counsel is denied at this time.  Should the case proceed to a point that assistance of counsel is appropriate, the court may revisit this request. |